

FILED _____ LODGED
_____ RECEIVED
MAR 08 2021
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON, TACOMA

IN THE MATTER OF

PETITION OF DUSTIN

MARSHALL.

No.   3:21-mc-05006-BHS

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF PETITION TO PERPETUATE TESTIMONY OF JACQUETTA CARTER BY DEPOSITION; AND PRODUCTION OF DOCUMENTS AND PAPERS TO SUPPORT TESTIMONY UNDER FRCP 27, 34; AND LCR 27**

# TABLE OF CONTENTS

TABLE OF CONTENTS ..... 2

TABLE OF AUTHORITIES ..... 3

PRELIMINIARY STATEMENT ..... 5

BACKGROUND ..... 5

ARGUMENT ..... 6

A. COURT MAY PERMIT PERPETUATION OF KNOWN TESTIMONY TO AVOID LOSING TESTIMONY DUE TO THE AGE OF THE WITNESSES ..... 6

B. COURT MAY PERMIT THE PERPETUATION OF KNOWN TESTIMONY OF AGED WITNESSES DUE TO THE RISK OF CONTINUED INTERNATIONAL FLIGHT IN VIOLATION OF THE PARENT-CHILD RELATIONSHIP STANDING ORDER AND THE HAGUE CONVENTION ..... 18

CONCLUSION ..... 19

# TABLE OF AUTHORITIES

**Cases and Petitions**

State of Arizona v. State of California, 292 U.S. 341 (1934).................................6
Cogen v. United States, 278 U.S. 221 (1929)...........................................................9
Eichel v. United States Fidelity & Guaranty, 245 U.S. 102 (1917).........................9
Hickman v. Taylor, 329 U.S. 495 (1947)...............................................................18
Kirpendorf v. Hyde, 110 U.S. 276 (1884)................................................................9
Sinclair Refining Co. v. Jenkins Petr. Co, 289 U.S. 689 (1933)..............................9
United States v. Proctor & Gamble Co., 356 U.S. 677 (1958).................................5

Ash v. Cort, 512 F.2d 909 (3rd Cir. 1975)..........................................................7, 17
Baush Mach. Tool Co. v. Alum. Co. of Am., 63 F.2d 778 (2nd Cir. 1933).............8
In re Bay Cnty. Middlegrounds Landfill, 171 F.3d 1044 (6th Cir. 1999)...............10
Bowles v. Bay of New York Coal & Supply, 152 F.2d 330 (2nd Cir. 1945)............9
Bryant v. Am. Fed. Of Musicians, 14 Civ. 2598 (PAC)(HBP), 2015 WL 7301076 (S.D.N.Y. Nov. 18, 2015)..................................................................................................8
Burlington N. & Santa Fe Ry. Co. v. United State District Court for Dist. of Mont., 408 F.3d 1142 (9th Cir. 2005)........................................................................................8, 16
Deiulemar v. Allegra, 198 F.3d 473 (4th Cir. 1999).................................................8
DeWagenknecht v. Stinnes, 243 F.2d 413 (D.C.Cir. 1957), *cert. denied* 355 U.S. 830 (1957)....6
Garber v. Lego, 11 F.3d 1197 (3rd Cir. 1993)........................................................15
Lewis v. Curtis, 671 F.2d 779 (3rd Cir. 1982)........................................................15
Martin v. Reynolds Metals Corp., 297 F.2d 49 (9th Cir. 1961)................................6
Mosseller v. United States, 158 F.2d 380 (2nd Cir. 1946)......................................7,8
Nevada v. Leary, 63 F.3d 932 (9th Cir. 1995)........................................................18
Oklahoma Press Pub. Co. v. Walling, 93 F.2d 936 (6th Cir. 1937).........................9
Penn. Mutual Life Ins. Co. v. United States and Internal Revenue Service, 68 F.3d 1371 (D.D.Cir. 1995)..........................................................................................10
Roebling v. Anderson, 257 F.2d 615 (D.C.Cir. 1958).............................................18
In re Matter of Sims, 389 F.2d 148 (5th Cir. 1967)................................................15
Texaco v. Borda, 383 F.2d 607 (3rd Cir. 1967)...................................................8,10
Tiedman v. American Pigment Corp., 253 F.2d 803 (4th Cir. 1958)......................18
United Verde Extension Mining Co. v. Littlejohn, 279 F. 223 (9th Cir. 1922).......11
Westinghouse Mach. Co. v. Elec. Storage Battery Co., 170 F. 430 (1909)...........8,9

Deerleader v. Crow, 2021 WL 150014 (N.D.Okla. Jan. 15, 2021).....................13,15
EFT Holdings Inc. to Perpetuate Testimony of Mr. Qin, 2013 WL 3811807 (C.D.Cal. 2013)....7
In Matter of Gurnsey, 223 F.Supp. 359 (D.D.C. 1963)..........................................18
Schuster v. Prudential Securities, Inc., No. 91 Civ. 0901, 1991 WL 102500 (S.D.N.Y. Jun. 6, 1991)................................................................................................................8
Voelker v. BNSF Railway Co., 2020 WL 6742865 (D.Mont. Nov. 17, 2020)..................

Hall v. Stout, 4 Del.Ch. 269 (1871)....................................................................8,10

In re Allegretti, 229 F.R.D. 93 (S.D.N.Y. Aug. 2, 2005)..........................................8,16,17,18
In re Boland, 79 F.R.D. 665 (D.D.C. 1978).............................................................18
Application of Checkosky, 142 F.R.D. 4 (D.D.C. 1992).........................................15,18
Petition of Ernst, 2 F.R.D. 447 (S.D.Cal. 1942).......................................................10
In re Petition of Ford, 170 F.R.D. 504 (M.D.Ala. 1997)............................................6
State of Nevada v. Leary, 151 F.R.D. 655 (D.Nev. 1993)..........................................10
Petition of State of North Carolina, 68 F.R.D. 410 (S.D.N.Y. 1975)............................18
In re Matter of Petition of Rosario, 109 F.R.D. 368 (D. Mass. 1986)............................6
In re Solorio, 192 F.R.D. 709 (D.Utah2000)............................................................16
Tennison v. Henry, 203 F.R.D. 435 (N.D.Cal. 2001)........................................10,12,13,20
19th Street Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345 (E.D.Pa. Jan. 4, 2000)...........................................................................................................7,8

**Statutes**

28 USC § 2254...........................................................................................13, 15

**Procedure and Evidence**

Fed.R.Civ.P. 27........................................................................10,16,17,18,19
Fed.R.Civ.P. 34.........................................................................................8,17,19
Advisory Committee Notes to Fed.R.Civ.P. 27.........................................................6
Fed.R.Evid. 401..............................................................................................8
Fed.R.Evid. 403..............................................................................................8
Fed.R.Evid. 801(c)...........................................................................................8
Fed.R.Evid. 802..............................................................................................8

**Other Authorities**

2 Moore's Federal Practice 2519..........................................................................8

6A Washington Practice, Appendix B.................................................................7,11
6 Washington Practice, WPI 34.04.....................................................................11

Nicholas A. Kronfeld, Preservation and Discovery of Evidence under Federal Rule of Civil Procedure 27 (Note), 78 Geo. L.J. 593 (1990)..................................................6
James A. Pike and John W. Willis, Federal Discovery in Operation, 7 U. of Chi.L.Rev. 297 (1939)......................................................................................................19
Walter P. Armstrong, Law Review and Law Reviewers, 17 Tenn.L.Rev. 1 (1941)...............19

## I. PRELIMINARY STATEMENT

1.1.    This petition is the result of an ongoing game directed and orchestrated by a revengeful and hostile custodial parent who continues to flee from state to state, and country to country, and seeks safe haven, when the times require, with her grandparents in Vancouver, Washington. See *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958) (purpose of court process is to ensure a fair contest with basic disclosure of issues and facts as fairly practicable).

1.2.    The custodial parent is a 38-year old woman. She currently cohabitates with several partners with the minor in her custody and control, alienating the minor from his father and subjecting him to unsafe living conditions. Over a period of more than 10 years she and her attorney-agents, have displayed a record of clear disregard for the law and their legal responsibilities obligations. At times, the petitioner has been completely helpless to stop the outrageous conduct due to ongoing pursuits— school and care for his elderly parents.

1.3.    Now, the petitioner who has completed his education and care for an elderly parent, seeks to hold her accountable through a potential Washington state action to cure interference, kidnapping, parental alienation, and violations of a lawful state court order, by immediately taking the deposition of Jacquetta Carter to record her known testimony and avoid loss and delay in justice due to age and passage of time.

## II. BACKGROUND

2.1     This petition arises out of known testimony solicited and freely provided by the witness to the petitioner, spanning more than ten years. Over this period the petitioner resided in the states of Texas, South Carolina and Washington.

2.2.    Petitioner is a 37-year old parent of a minor child named D.M. Petitioner is an enrolled member of the Nisqually Indian Tribe. During D.M.'s residence in the state of Washington and Oregon, D.M. resided with the witness on a transient basis. In 2011, the petitioner and custodial parent were embattled in a contentious custody dispute.

2.3.    In 2012, D.M.'s mother, the current custodial parent, Winter Carter, was awarded sole custody of D.M. Ms. Carter is a 38-year old woman. She was permitted to determine his residence in the states of Texas, Oregon and Washington. She was awarded monthly child support. In addition, she had the responsibility of providing access and visitation to D.M. During this period the parties had established rights of regular telephone and video dates between D.M. and the petitioner, due to the transient lifestyle of the custodial parent.

2.4.    During her transient travel through the witness' home, she cohabitated with various partners. Carter concealed her transient alternative lifestyle from the petitioner and petitioner's family in Washington state.

2.5.    Sometime in 2013, the custodial parent began taking the D.M. to California. In later 2013, she sought court permission to establish residence in California. Her request was granted. In December of that year she began withholding regular telephone and video dates from D.M. and petitioner. In addition, she continued to withhold significant

amounts of information from the petitioner including: medical treatment documentation, medical coverage records, housing address, school registration information, interstate and international travel information; school photographs and names of individuals who resided in the residence with D.M.

2.6.    In early 2014, petitioner warned the custodial parent that he continued refusal to provide requested information and telephone or video dates would result in legal action. In response, she issued a profanity laced retaliatory email with permission of her attorney.

2.7.    In April 2014, the petitioner reached out to the child support office for the Attorney General to seek mediation on child support and the issues surrounding access to D.M. The custodial parent refused to cooperate on meeting to confer.

2.8.    In the spring 2014, the petitioner sought enrollment in law school in Charleston, South Carolina. In July 2014, he enrolled in law school at Charleston School of Law. In July of that month, he wrote the child support office for the Attorney General seeking emergency hearing on child support and visitation and telephone access. He forwarded a copy to the presiding judge on an emergency basis, copying the opposing party.

2.9.    From December 2013 through December 2017, the custodial parent refused to provide the information described in Paragraph 2.5. Under financial and educational duress, he was forced to forfeit visitation, access, telephone and video dates, and other due process of law rights. From 2013 through 2019, the petitioner spoke with the witness,

Jacquetta Carter concerning the issues described in Paragraph 2.5. The witness was aware of the custodial parent's conduct at the time they spoke during this period.

2.10.    From 2012 through 2020, the witness provided the custodial parent, her partners and D.M. transient housing, child care, financial assistance and other resources. The witness was aware of the petitioner's knowledge concerning the foregoing paragraph.

### III. ARGUMENT

**A.**    PETITIONER'S BILL IN EQUITY HAS AN IMMEDIATE NEED TO PERPETUATE KNOWN TESTIMONY OF WITNESS' TO AVOID LOSING HER TESTIMONY DUE TO ADVANCED AGE AND PASSAGE OF TIME, AND HER TESTIMONY THROWS ADDITIONAL AND DIFFERENT LIGHT ON THE EXTENT OF INTERFERENCE WITH THE PETITIONER'S PARENTAL RIGHTS UNDER A LAWFUL COURT ORDER

3.1.    Granting a petition to immediately perpetuate testimony and supporting documents is necessary when sought to avoid and prevent testimony from being lost when witness is advanced in age and such testimony is at risk of being lost. *Martin v. Reynolds Metals Corp.*, 297 F.2d 49 (9th Cir. 1961); *Volelker v. BNSF Railway Co.,* 2020 WL 6742865 (D.Mont. Nov. 17, 2020); *In re Tsymbal*, 2011 WL 8218997 (D.N.J. Dec. 9, 2011); In *Matter of Petition of Rosario*, 109 F.R.D. 368 (D. Mass. 1986). See, e.g., Advisory Committee Notes to Fed.R.Civ.P. 27 (citing *Arizona v. State of California*, 292 U.S. 341 (1934)) (Petition to perpetuate immediate Rule 27 testimony is a bill in equity to prevent danger of loss by delay). *See also* Nicholas A. Kronfeld, *Preservation and Discovery of Evidence under Federal Rule of Civil Procedure 27,* (Note) 78 GEO. L.J. 593, 593-94 (1990) (tracing perpetuation of testimony to ancient Greece). Cf. *In re Petition of Ford*, 170 F.R.D. 504 (M.D.Ala. 1997) (testimonial evidence of Sheriff of shooting death of family member not in danger of being lost but discovery of testimony for suit); *De Wagenknecht v. Stinnes*, 243 F.2d 413 (D.C.Cir. 1957). "What circumstances show a possible

failure or delay of justice sufficient to call for the issuance of an order is obviously a matter for the sound discretion of the district court." *Mosseller v. United States*, 158 F.2d 380 (2nd Cir. 1946). The need for issuance of an order for testimony must be an immediate one. *In re Certain Investor in EFT Holdings Inc. to Perpetuate Testimony of Mr. Qin*, 2013 WL 3811807 (C.D.Cal. 2013) (citing *Ash v. Cort*, 512 F.2d 909, 911 (3rd Cir. 1975) ("A petitioner must demonstrate, among other things, an immediate need to perpetuate testimony"). In addition, the testimony must "throw different, greater, or additional light on a key issue." *19th Street Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 347 (E.D.Pa. Jan. 4, 2000).

3.2.    Here, the Petitioner seeks to solicit the known testimony of Jacquetta Carter because her known testimony concerning the custodial parent's interference with parental rights are known between the two individuals and the petitioner. Moreover, the petitioner's parental rights have been affected from 2013 through the present due to the transient and obstructionist conduct of the custodial parent, this is known by the witness and the Petitioner. On countless occasions, the witness and the petitioner discussed ways to remedy the custodial parent's conduct in conciliatory approaches, rather than adversarial approaches. All to no avail. Now, the Petitioner seeks to record the witness' testimony to preserve for future interference with parental rights action in Washington state or Nisqually Tribal Court.

3.3.    The Petitioner has an immediate need to perpetuate the testimony of Jacquetta because she is advanced in age, over 75 years, who may be unavailable for a trial setting. *Id.* (citing *e.g., In re Petition of Randy Banks*, 1993 WL 502379, *1 (N.D.Ill. 1993); 6A Wash. Prac., Wash. Jury Instru. Civ. Appendix B (7th ed.). Failure to allow her testimony to perpetuated will risk loss of her testimony and failure of justice and passage of time. At the witness' age she will likely be unavailable and the best source of evidence on the testimony is

the deponent herself, not hearsay, under the best evidence rule and exclusion of hearsay statements due to inability to cross-examine. Fed.R.Evid. 401, 801(c), 802. Even if the subsequent perpetuated testimony is relevant, it may be excluded by a court's Rule 403 discretion. Fed.R.Evid. 403.

3.4.    The witness testimony concerning Paragraph 3.1, is not cumulative, and is highly relevant and not prejudicial when supported by documents and papers. Fed.R.Civ.P. 34; *19th Street Baptist Church*, at 347 (citing *Deiulemar v. Allegra*, 198 F.3d 473, 486-87 (4th Cir. 1999). Cf. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1148-49 (9th Cir. 2005) (discovery requests under Rule 34 cannot be used as a tactical weapon, but to expose facts and illuminate issues); *Bryant v. Am. Fed. Of Musicians*, 2015 WL 7301076 (S.D.N.Y. Nov. 18, 2015) (citing *Shuster v. Prudential, Sec. Inc.*, No. 91 cv 901 (RWS), 1991 WL 102500, at *I (S.D.N.Y. Jun. 6, 1991). Therefore, the Petitioner now seeks to perpetuate the witness' testimony under oath for preservation purposes.

Unfavorable medical prognosis unnecessary

3.5.    An order may be issued without an unfavorable medical prognosis showing, since "this relief ... does not depend upon the condition of the witness, but upon the situation of the party (petitioner), and his power to bring his rights to an immediate investigation." *Id.* (citing *Hall v. Stout*, 4 Del.Ch. 269, 274, quoted in *Westinghouse Mach. Co. v. Electric Storage Battery Co.*, 170 F. 430 (3rd Cir. 1909), and in 2 Moore's Federal Practice 2519, 2520.). Cf. *In re Allegretti*, 229 F.R.D. 93, 95 (S.D.N.Y. Aug. 2, 2005) (citing *Mosseller v. United States*, 158 F.2d 380 (2nd Cir. 1946) (On appeal, the circuit found medical prognosis of impending death or "gravely ill" satisfied showing of possible failure or delay of justice to permit a Rule 27 order).

See also *Texaco, Inc. v. Borda*, 383 F.2d 607 (3rd Cir. 1967); *De Wageknecht v. Stinnes*, 243 F.2d 413 (D.C.Cir. 1957), *cert. denied,* 355 U.S. 830 (1957).

## Avoiding further decay and rot of appeal rights and procedural rights

3.6.     An order authorizing the taking of deposition of an aged witness is a final order for appeal purposes. *Id.* (citing *Todd Engineering, Dry Dock & Repair Co. v. United States,* 32 F.2d 734 (5th Cir. 1929*); Baush Mach. Tool Co. v. Aluminum Co. of America*, 63 F.2d 778 (2nd Cir. 1933), cert. denied 289 US 739 (1933); *Westinghouse Mach. Co. v. Electric Storage Battery Co.*, 170 F. 430 (3rd Cir. 1909) *cf. Oklahoma Press Pub. Co. v. Walling*, 93 F.2d 936 (6th Cir. 1937); *Bowles v. Bay of New York Coal & Supply Corp.*, 152 F.2d 330 (2nd Cir. 1945)). A grant of petition perpetuating known testimony of an aged witness will facilitate the rights of the witnesses to be deposed, with regard to countersuit and collateral attack on the final order, and those of the petitioner, who seeks to depose. Id. at 382. The Court's order would be an ancillary order. *Id.* This grant of an ancillary order will procure the testimony of an aged witness whose testimony, and will preserve the witness' rights concerning appeal, collateral attack and countersuit, should she choose. Id. (citing e.g., *Kirpendorf v. Hyde*, 110 US 276 (1884); *Eichel v. U.S. Fidelity & Guaranty Co.*, 245 US 102 (1917); *Sinclair Refining Co. v. Jenkins Petroleum Process Co.*, 289 US 689 (1933); *Cogen v. United States*, 278 US 221 (1929); *Cheng Wai v. United States*, 125 F.2d 915 (2nd Cir. 1942).

## Age of the witness is itself a particularized indication of danger of loss in the context of passage of time

3.7.     To demonstrate a "significant risk of loss, it is advisable, though not necessary, to show particular circumstances indicating a concrete danger of loss." *Tennison v. Henry*, 203

F.R.D. 435, 440 (N.D. Cal. 2001) (citing *State of Nevada v. O'Leary*, 151 F.R.D. 655, 657

(D.Nev. 1993), aff'd 63 F.3d 932 (9th Cir. 1995). The Ninth Circuit in *O'Leary* pointed out that:

> "The granting of a petition for preservation of testimony is aimed principally at the uncertainties appended to the passage of time and … a showing that the petitioner is presently unable to bring the expected action or cause it to be brought is sufficient of the danger of the loss of evidence by delay."

*Id.* (citing to *Petition of Ernst*, 2 F.R.D. 447, 451 (S.D.Cal. 1942); see also *Hall v. Stout*, 4

Del.Ch. 269, 274 (1871) (stating that "bills to perpetuate testimony proceed, not on the ground of

imminent risk of loss before a pending suit can reach a trial, but on the ground that the party not

being in a situation to bring his title to a trial, his evidence may be lost through lapse of time, a

risk affecting all evidence, irrespective of any particular condition of a witness.")(cited with

approval in the Advisory Committee Note to Fed.R.Civ.P. 27).

    3.8.    Factors a court may consider when deciding whether to grant a petition to depose to preserve, include:

    1) advanced aged of the witness;

    2) the possibility that the witness will not be willing to testify if discovery is further delayed;

    3) the uniqueness of the information at issue known by the petitioner and witness, including permanent harm caused to the father-son relationship due to the concealment, avoidance, parental alienation, and interference with petitioner's parental rights over an extended period.

Id.; see Fed.R.Civ.P. 27 (citing e.g, *Penn Mutual Life Ins. Co. v. United States of America and*

*the Internal Revenue Service*, 68 F.3d 1371, 1375 (D.C.Cir. 1995) (permitting deposition under

Rule 27(a) on the basis that the witness was 80 years old and therefore, that there was significant

risk that testimony would be lost); *Texaco v. Borda*, 383 F.2d 607, 609 (3rd Cir.

1967)(permitting deposition under Rule 27 on the basis that the witness was 71 years old); *In re*

*Bay County Middlegrounds Landfill Site*, 171 F.3d 1044, 1047 (6th Cir. 1999)(holding that

material sought under Rule 27(a) need only be "distinctly useful" to a finder of fact but noting

that "if material were absolutely unique and relevant to the potential suit, it would clearly meet

the standard of Rule 27(a)"). See *United Verde Extension Mining Co. v. Littlejohn*, 279 F.223,

227, 232 (9th Cir. 1922) (question of permanent injury may be examined by direct examination

and cross examination of a witness under oath, and documentary evidence (mortality tables)

admissible for the purpose of immediately perpetuating that testimony in a state court trial); 6

WAPRAC WPI 34.04 (7th ed.) (Damages—Future—Mortality tables); 6A WAPRAC APP B

(Life Expectancy Table).

    3.9.    Here, the witness is beyond 75 years, this means she is advanced in age. There is

a possibility that should the petitioner bring an action in Washington in the future she would be

unwilling or unable to testify in court due to continuing advancing of age and physical health. At

her current age she has already experienced significant health issues and her lifestyle contributes

to the possibility of further decay in health (daily chain smoking, alcohol consumption, high

blood pressure, surgical procedures, among other health concerns). Her perpetuated testimony

through a deposition, with the use of supporting exhibits and productions of documents will

support the preservation of her testimony concerning knowledge of the permanent harm to the

father-son relationship caused by the concealment, avoidance, parental alienation, and

interference with the petitioner's parental rights over an extended period. Perpetuation will be in

the interest of justice seeking to avoid loss or further delay because her age and the possibility

that she unable or unwilling to testify in a state court or federal court action in Washington state.

    3.10.    Therefore, the petitioner now seeks to take her Rule 27 deposition.

<u>Deposition of aged witness is relevant to court process and due process of law</u>

3.11.    Good cause to grant a petition ordering deposition of aged witness' can be found where the potential deponent witnessed wrongdoers deny the petitioner court process and due process of law. *Tennison v. Henry*, 203 F.R.D. 435, 440 (N.D. Cal. 2001). Here, the custodial parent with the aid and assistance of sympathizers has worked to affect denial of the petitioner due rights and parental rights.

3.12.    In 2013, the witness discussed with the custodial parent an intention to modify the parent-child relationship order allowing the custodial parent to take the minor to California, in addition to Texas, Oregon, and Washington, without notice or court process to the petitioner. Throughout the petitioner's visitation with the minor, the petitioner spoke with the witness regarding the minor's living arrangements. During those conversations she did not indicate that the custodial parent intended to take the minor out of the state of Washington.

3.13.    In 2014, the witness discussed and provided transient housing for the custodial parent while she travelled between California, Oregon, Texas and Washington, seeking to deny due process and court process to the petitioner, by engaging in the following conduct ("due process of law issues"):

(i)      avoid the provisions of the parent-child relationship order requiring visitation, access and child support obligations and rights to the Petitioner;
(ii)      Interference with parental rights in violation of state and federal law;
(iii)      the transient quality of the custodial parent and minor;
(iv)      avoid disclosure of housing partners residing with the minor;
(v)      avoid providing access and visitation to the minor child's paternal family members in Seattle and Renton and Olympia, Washington;
(vi)      avoid providing telephone and video dates between the minor and the Petitioner;
(vii)      avoid disclosure of licensed and unlicensed child care providers;
(viii)      avoid disclosure of the minor's school enrollment information;
(viv)      avoid disclosure of medical treatment;
(xv)      avoid disclosure of usage of alcohol and illicit drugs

(xvi)   embarrassment and mortification due to erratic and irrational behavior and mental
state of custodial parent known by witness during their discussions from 2012 through
2019
(xvii)  intransigence of the custodial parent concerning conciliation and good faith
compliance with provisions of custody order

3.14.   The witness disclosed and withheld the information from the petitioner, as
described in Paragraph 3.7.

3.15.   In 2016, the witness continued to observe and held personal knowledge of the

ongoing issues described in the preceding paragraph.

3.16.   The witness' continued to observe the conditions described in the preceding

paragraphs since the custodial parent, her partner, and the minor child resided with the witness

February 2021. The witness discussed and withheld the information from the petitioner as

described herein.

3.17.   The issued described in the preceding paragraphs has worked in concert to deny

the Petitioner court process and due process concerning his parental rights under a lawful state

court order. Therefore, there is good cause to allow the Petitioner to depose the witness' to

explore issues relevant to the exhausted claim of denial of court process and due process of law,

in the face of strong evidence of clear lack of adequate sufficient notice, due process of law, and

jurisdiction.

Perpetuated testimony of the advanced elderly witness will shed adequate light on
viability of Washington state action under a legal theory of perpetual custody of
petitioner and right to habeas relief concerning exhausted and unexhausted claims

3.18.   Development of the relevant due process of law issues through a Rule 27(a)

perpetuation of testimony deposition will demonstrate the petitioner is entitled to subsequent

habeas relief in Washington state federal court. *Tennison v. Henry*, 203 F.R.D. 435, 441 (N.D.

Cal. 2001). See 28 USC § 2254; *Deerleader v. Crow*, 2021 WL 150014 (N.D. Okla. Jan.15, 2021) (immediate release from state custody when the Indian within the bounds of an Indian reservation and the state clearly lacked jurisdiction). When the witness has personal knowledge of the state of mind of custodial parent, personal knowledge of the minor's state of mind, and the circumstances surrounding the relevant due process issues, their perpetuated known testimony is necessary for preservation purposes. *Id.*

3.19.    Here, the relevant due process of law issues will be addressed through 27(a) perpetuated known testimony. The known testimony will demonstrate that the petitioner is entitled to relief under a theory of perpetual custody under an unlawful state court order. Since 2012, the witnesses have provided transient housing, child care services, and financial and non-financial resources. The witnesses are retirees and are aware of the petitioner's parental rights of visitation, access and certain information provided for in the parent-child relationship order. In 2012, 2013, 2014, 2016, 2017, 2018, and 2019, the petitioner spoke with the witness concerning such rights of access. In 2014, 2016, 2017, 2018 and 2019, Petitioner spoke with the witness about his trouble reaching the custodial parent by telephone or email. He also indicated his concern with the minor concerning access, visitation, school information of the minor, and housing of the minor. He also spoke with the witness concerning his trouble locating and reaching the custodial parent on numerous occasions from 2014 through 2019.

3.20.    Petitioner solicited from the witness that the custodial parent and the minor did not reside at her residence. He also solicited from the witness that the custodial parent sought to obstruct his parental rights and right to due process. After the petitioner solicited information on various occasions the custodial parent even took steps to try and stop him from learning further

information from the witness. She wrote threatening emails instructing him to discontinue reaching out to the witness in an effort to conceal her actions and the minor. The witness indicated that from 2012 through 2019 she was providing child care services for the custodial parent on some basis. And that the custodial parent was transient during those periods.

3.21.   A petitioner seeking habeas corpus relief is ordinarily required to exhaust administrative remedies prior to seeking federal court review under 28 USC § 2254. *Deerleader v. Crow*, 2021 WL 150014 (N.D. Okla. Jan. 15, 2021) (Indian petitioner exhausted his administrative remedies and was permitted to bring a Section 2254 petition). However, in a petition to perpetuate testimony of a witness doctrines of exhaustion of administrative remedies, finality, and ripeness do not preclude Rule 27 jurisdiction. *Application of Checkosky*, 142 F.R.D. 4 (D.D.C. 1992). A petitioner may rely on publication for basis to forego exhaustion of administrative remedies to seek Rule 27 testimony. *Id. (citing cf. Lewis v. Curtis*, 671 F.2d 779, 787 (3rd Cir. 1982), *cert. denied*, 459 US 880 (1982), *abrogated by Garber v. Lego*, 11 F.3d 1197 (3rd Cir. 1993)).

3.22.   Here, the petitioner seeks the Rule 27 testimony of the witness to preserve any documents or papers supporting the known testimony of the witness concerning the custodial parent and minor's housing arrangements; child care arrangement with the custodial parent; interstate and international travel relating to the minor. The transcript from a 2016 hearing provides some basis for petitioner's allegations since he was unable to reach the custodial parent or the witness by telephone that year. The actions of the custodial parent and the inability of the witness to reach her or the minor child, or the witness, led to some reliance on the 2016 judicial transcript.

<u>Compliance with notice requirement of Rule 27(a)</u>

3.23.    A petition for pre-action discovery will be denied if the petitioner fails to comply with the notice requirement of Rule 27(a), requiring notice to the anticipated adverse party. Fed.R.Civ.P. 27; *In re Solorio*, 192 F.R.D. 709 (D. Utah 2000); *In Matter of Sims*, 389 F.2d 148 (5th Cir. 1967).

3.24.    Here, the Petitioner provided the anticipated adverse party individuals with the condition precedent notice in accordance with Rule 27(a) and federal case law interpreting Rule 27. *Id.* On March 5, 2021, the Petitioner provided the anticipated adverse parties with a copy of the Petition to Perpetuate Known Testimony and the Notice of Hearing.

> <u>Petitioner acts under good faith expectation of bringing Washington state federal court action, but is presently unable to bring or cause to be brought; petition to perpetuate testimony of Jacquetta Carter is not a discovery vehicle</u>

3.25.    The Petitioner who seeks to perpetuate testimony of a witness with a petition must file a verified petition in the United States district court in the district of the residence of any expected adverse party. *In re Allegretti*, 229 F.R.D. 93 (2005) (citing Fed.R.Civ.P. 27). The petition must show:

(a) Before Action

(2) Notice and Service

3.26.    Petitioner is required to serve, at least 20 days before the date of the hearing, "a notice upon each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner will apply to the court, at a time and place named therein, for the order described in the petition." Id. (citing Fed.R.Civ.P. 27(a)(2)). The purpose must not be to use the tools of Rule 27 and 34 as tactical weapons. Fed.R.Civ.P. 27, 34; *Voelker*

*v. BNSF Ry. Co.*, 2020 WL 6742865 (D.Mont. 2020) (citing *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1148-49 (9th Cir. 2005).

3.27.   Here, Petitioner served at least 20 days before the date of hearing: a notice to each person named in the petition as an expected adverse party; and a copy of the petition to perpetuate testimony, stating that Petitioner will apply to this Court, following hearing, at least 20 days from service of the petition where the Petitioner requested hearing 20 days from service on the expected adverse parties. Petitioner seeks to record the known testimony of the witness due to her age and the possibility of loss or delay in justice, not a tactical weapon.

<u>Petitioner expects three adverse parties who, each, are elderly or advanced elderly individuals and expects to depose Jacquetta Carter</u>

3.28.   A petitioner seeking to perpetuate testimony of a witness must provide the court with "the names or description of the persons expects will be adverse parties and their addresses as far as known." *In re Allegretti*, 229 F.R.D. 93 (S.D.N.Y. 2005) (citing Fed.R.Civ.P. 27(a)(1)).

3.29.   Petitioner expects the following elderly or advanced elderly individuals to be adverse parties:

1. Michael Carter 14605 SE 12th Street, Vancouver, WA 98683,

2. Jacquetta Carter, 14605 SE 12th Street, Vancouver, WA 98683, and

3. Wendy Resendiz, Vancouver, WA and/or Portland, OR.

3.30.   Petitioner expects to examine by deposition, Jacquetta Carter.

<u>Petitioner must establish for the Court facts he intends to elicit from the deponent and the substance of her testimony</u>

3.31.   A petitioner seeking to perpetuate testimony of a witness must provide the Court with the substance of the testimony the petitioner expects to elicit from each, and seek an order perpetuate the testimony. *Id.* (citing Fed.R.Civ.P. 27(a)(1)).

3.32.   Petitioner seeks to perpetuate from Jacquetta Carter the due process issues described in paragraphs 3.3, 3.6-3.10.

<u>Petitioner will perpetuate known testimony</u>

3.33.   As described in Paragraphs 3.1, 3.4, 3.5, 3.6, 3.7, 3.9, 3.11, 3.12, 3.18, and 3.19, the Petitioner seeks to preserve the testimony of two advanced elderly individual witnesses whose testimony would be in serious risk of being lost due to age if not perpetuated through this court process. See Ash v. Cort, 512 F.2d 909, 912 (3rd Cir. 1975). Petitioner seeks the known testimony to preserve to avoid loss or delay, not to discover possible causes of action. See *Shuster v. Prudential Securities, Inc.*, No. 91 Civ. 0901, 1991 WL 102500, at *1 (S.D.N.Y. Jun. 6, 1991); *Petition of the State of North Carolina*, 68 F.R.D. 410, 412 (S.D.N.Y. 1975); *In re Checkosky*, 142 F.R.D. 4, 7 (D.D.C. 1992); *In re Boland*, 79 F.R.D. 665, 668 (D.D.C. 1978); *In Matter of Gurnsey*, 223 F.Supp. 359, 360 (D.D.C. 1963). Federal case law makes clear that Rule 27 is not a substitute for discovery or undertaken prior to filing a complaint. *Ash* at 912. Here, Petitioner will perpetuate the testimony of the witness under oath and affirmation to preserve the testimony.

<u>Publication of adverse party-witness' thoughts, views, or opinions and reports are not known testimony</u>

3.34.   Opinions, thoughts, views, and background information of a person is properly found to be unknown testimony of the petitioner, and the petitioner is undertaking to discover

information. *In re Petition of Allegretti*, 229 F.R.D. 93, 95 (S.D.N.Y. Aug. 2, 2005) (citing

*Nevada v. Leary*, 63 F.3d 932, 936 (9th Cir. 1995); *Id. (citing In re Checkosky*, 142 F.R.D. 4

(D.D.C. 1992).

    3.35.   Here, Petitioner is familiar with the testimony of the witness because he spoke

with her over the telephone in 2013 and 2014. He also spoke with the witness in person in 2013,

2014, and 2019 concerning the subject matter of the known testimony. This includes the factual

points that: the custodial parent and minor did not reside at her residence in 2019;

<u>Evidence of known testimony including documents and papers</u>

    3.36.   If a petition is granted under Rule 27 to prevent a "failure or delay of justice" the

court may issue orders for preservation of documents and papers in conformity with Rule 34.

*Azima v. RAK Investment Authority*, *1, *3 (D.D.C. Nov. 11, 2018) (citing Fed.R.Civ.P.

27(b)(3), 34).  See, e.g. *Hickman v. Taylor*, 329 U.S. 495, 498 (1947); *See also* Walter P.

Armstrong, *Law Review and Law Reviewers*, 17 Tenn. L. Rev. 1 (1941); James A. Pike and John

W. Willis, *Discovery in Operation*, 7 U. Chi. L. Rev. 297 (1940). Not every document paper be

designated, but the request can designate by category. *Roebling v. Anderson*, 257 F.2d 237, 242-

243 (D.C.Cir. 1958).

    3.37.   Here if the Court permits Rule 27 testimony to preserve the witness' testimony

the Court may order preservation of documents and electronically stored information in support

of the known testimony of Ms. Carter. The Petitioner seeks to have the witness rely on any

documents, papers or emails or calendars or other electronically stored information to be relied

upon for memory recollection in the Rule 27 proceeding as permitted by the Federal Rules of

Evidence for admission of evidence in hearing. Granting this request under Rule 27 and

subsequent Rule 34 documents is entirely within the discretion of this Court. *Tiedman v.*

*American Pigment Corp.*, 253 F.2d 803, 808 (4th Cir. 1958). Petitioner moves the court for an order granting Rule 27 deposition testimony and Rule 34 documents in support of such testimony.

<u>Perpetuating the witness' testimony will cure gross miscarriage of justice</u>

3.38.   Good cause will lie for Rule 27 relief where there is strong evidence of actual innocence, where the officer of the court failed to remedy the miscarriage of justice and denial of due process. *Tennison v. Henry*, 203 F.R.D. 435 (N.D.Cal. 2001) (citing 28 USC § 2254; Fed.R.Civ.P. 27(a))

**B.**    **COURT MAY PERMIT THE PERPETUATION OF KNOWN TESTIMONY OF AGED WITNESS DUE TO THE RISK OF CONTINUED INTERSTATE AND INTERNATIONAL FLIGHT IN AVOIDANCE OF PARENT-CHILD RELATIONSHIP ORDER, INTRANSIGENCE OF CONCILIATION**

3.39.   When a petitioner knows of witness testimony concerning the transient nature of the custodial parent's domicile and discusses this with the petitioner, her testimony is known and must be immediately procured to preserve, when the witness is advanced in age.

## IV. CONCLUSION

4.1.    For the foregoing reasons, Petitioner requests that the Court grant the Petition to Perpetuate Known Testimony of Witnesses, pursuant to FRCP 27 and LCR 27 for the United States District Court, Western District of Washington, Tacoma, to record the known testimony of the witness.

Dated this 4th day of March, 2021

CHARLESTON,
SOUTH CAROLINA

Dustin L. Marshall
Pro se
1941 Savage Road, Suite 100A-237
Tele: (206) 556-7875
Email: DUSTIN_L_MARSHALL@YAHOO.COM