1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DUSTIN LONNIE MARSHALL,

                Petitioner,

   v.

JACQUETTA CARTER,

                Respondent.

CASE NO. 21-5006BHS

ORDER DENYING PETITION FOR
DEPOSITION WITHOUT
PREJUDICE

THIS MATTER is before the Court on Petitioner Dustin Marshall's Motion to

Perpetuate Testimony of Witnesses under Fed. R. Civ. P. 27. Dkt. 1. Marshall lives in

South Carolina. He apparently seeks to depose his child's 75-year-old maternal

grandmother, Jacquetta Carter, in connection with an ongoing, out-of-state custody

dispute with the child's mother, Winter Carter. Jacquetta Carter lives in Clark County,

Washington. Dkts. 1, 2.

Marshall correctly argues that Rule 27 outlines a procedure for obtaining pre-

litigation evidence, but he has not demonstrated that he has met that Rule's requirements.

For that reason, the motion is DENIED without prejudice.

Rule 27 permits pre-filing discovery in limited circumstances:

**(a) Before an Action Is Filed.**

**(1)** *Petition.* A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:

**(A)** that the *petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought*;
**(B)** the subject matter of the expected action and the petitioner's interest;
**(C)** the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
**(D)** the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
**(E)** the name, address, and expected substance of the testimony of each deponent.

**(2)** *Notice and Service.* At least 21 days before the hearing date, the petitioner *must serve each expected adverse party* with a copy of the petition and a notice stating the time and place of the hearing. The notice may be served either inside or outside the district or state in the manner provided in Rule 4[.]

Fed. R. Civ. P. 27 (emphasis added). A petition under this rule is addressed to the Court's discretion. *Martin v. Reynolds Metals Corp.,* 297 F.2d 49, 57 (9th Cir. 1961) ("Of necessity, then, there must be a wide discretion lodged in the trial judge in making [Rule 27] orders.").

Marshall asserts that he anticipates bringing a Washington State or Nisqually Tribal Court action against Jacquetta Carter and others to "cure interference, kidnapping, parental alienation, and violation of a lawful state court order." Dkt. 2 at 5. He does not claim he anticipates filing a lawsuit against Carter in this or any other United States Court. Marshall has not identified the order he claims Carter violated, the court that issued it, how she violated it, or any steps he has taken to have the order enforced by the court that issued it. Marshall states that he cannot yet bring his anticipated action, but he

1   does not explain what impediment outside his control is precluding him from suing

2   Carter now and obtaining the evidence in that case. *See id.* at 18. He claims he seeks to

3   preserve Jacquetta Carter's "known testimony" about his anticipated claims before her

4   memory fades or her health fails. Marshall states that he served her a copy of his petition,

5   but he does not demonstrate that that is true or articulate how or where he served her.

6   Carter has not appeared.

7         Marshall has shown his right to relief under Rule 27. He has not shown that he

8   expects to assert a claim cognizable in the United States Courts, that there is some reason

9   he cannot assert his claim at this time, or that he has properly served Carter. He has not

10   explained why he cannot depose Carter in connection with the pending case. The Court

11   will not order the deposition under these circumstances. Marshall's Motion to Perpetuate

12   Testimony of Witnesses under Fed. R. Civ. P. 27, Dkt. 1, is **DENIED without prejudice**.

13   Marshall shall address these deficiencies within 21 days, or the matter will be dismissed

14   without further notice.

15         **IT IS SO ORDERED.**

16         Dated this 2nd day of April, 2021.

17

18

19         BENJAMIN H. SETTLE
      United States District Judge

20

21

22